IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN BOULB,<br>No. 04808-025, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   Case No. 24-cv-2685-DWD<br>) |
| STEPHEN WELBY, | )<br>) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Brian Boulb, an inmate of the Federal Bureau of Prisons (BOP) currently detained at Cumberland Federal Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## ANALYSIS

Plaintiff faults Defendant Stephen Welby for violating his constitutional rights when Welby acted as his attorney in a criminal matter. Although Plaintiff did not provide a case number, the Court was able to locate the criminal case via the PACER (public access to court electronic records) system—*United States v. Boulb*, 12-cr-40097-JPG. A quick review of the public docket sheet demonstrates that Welby was a CJA panel attorney assigned to handle Plaintiff's case in 2012. (*Id.* at Doc. 12). Plaintiff's present lawsuit faults Welby for inadequate representation under multiple constitutional amendments. Plaintiff has also attached a one-page motion alleging that his present detention is unlawful and seeking habeas corpus relief.

Plaintiff's lawsuit must be dismissed because Welby acted as defense counsel and both the Supreme Court and Seventh Circuit have held that an attorney serving as a public defender cannot be held liable under § 1983 for performing traditional functions as defense counsel. *Polk Cnty. v. Dodson*, 545 U.S. 312, 325 (1981); *McDonald v. White*, 465 F.App'x 544 (7th Cir. 2012). Even if Welby was considered a private attorney as a member of the CJA panel, he still would not be subject to § 1983 liability because private counsel is not a "person" acting under the color of state law for purposes of § 1983. *French v. Corrigan*, 432 F.2d 1211, 1214-15 (7th Cir. 1970). Thus, Plaintiff cannot state a valid claim in this case against Welby for his actions as defense counsel.

As for Plaintiff's inclusion of a request for habeas corpus relief, a plaintiff cannot use a § 1983 action to secure release from custody.[1] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for individuals challenging a fact or duration of confinement and seeking immediate or speedier release from custody). Plaintiff currently has an active habeas corpus matter in this District, *Boulb v. USA*, Case No. 24-cv-2684 (S.D. Ill. 2024), so any request for habeas relief in this case is improper and unnecessarily duplicative.

Finally, the Court notes that this is not Plaintiff's first attempt to pursue the present allegations against Welby in a § 1983 action in this District. In *Boulb v. Welby, et al.*, Case No. 21-cv-1435-SPM (S.D. Ill. Jan. 18, 2022), another judge of this District dismissed the exact same claims presented in this complaint for the exact same reasons. Plaintiff presented identical claims a second time in *Boulb v. Welby, et al.*, Case No. 23-cv-757-JPG (S.D. Ill. April 19, 2023). Both of these cases were dismissed on the basis of Welby's immunity from suit under 28 U.S.C. § 1915A(b)(2). The Seventh Circuit has concluded that suits against individuals who are absolutely immune (like judges, prosecutors, or defense counsel) are frivolous, and thus dismissals of such claims count as strikes under 28 U.S.C. § 1915(g). *Atkins v. Gilbert*, 52 F.4th 359, 361-62 (7th Cir. 2022) (affirming a district court judge's conclusion that a case dismissed on immunity grounds against federal defenders and judges was frivolous and constituted a strike). Despite the Seventh Circuit approving the issuance of strikes for frivolous suits like 21-cv-1435 and 23-cv-757,

---

[1] This distinction has been explained to Plaintiff in prior litigation. *Boulb v. Welby, et al.*, Case No. 21-cv-1435 (S.D. Ill. Jan. 18, 2022) (Doc. 11 at 3-4) (explaining that an individual must use a habeas corpus petition to challenge the fact or duration of his confinement).

Plaintiff was not warned with the dismissal of those suits that the dismissals counted as strikes. By contrast, Plaintiff filed allegations against Welby a third time in *Boulb v. Reitz, et al.*, Case No. 22-cv-1739-NJR, and in that case the Court dismissed the claims based on immunity and statute of limitations problems and explicitly cautioned that the dismissal constituted a strike.

Based on this history of litigating claims in this Court, Plaintiff could be treated as already struck out, but he was not warned in two of the three earlier cases that he may be headed in that direction. Therefore, the undersigned will not treat Plaintiff as struck out yet, but it will now caution him that this case is frivolous because Welby is immune, and it is frivolous because it is his fourth time trying to file the same or significantly similar claims. Dismissal of a case as frivolous is a valid basis to assess a strike, and Plaintiff should expect that this dismissal will be counted as one of his allotted three strikes under 28 U.S.C. § 1915(g). The Court will not offer an opportunity to amend because there is no amendment that could cure the defects identified in this Order, or that could present a legally sufficient claim against Welby.

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has moved for recruitment of counsel to assist him with this matter, contending that he needs assistance due to his IQ of 65, the complexity of the claims, and the fact that the defendant is now a federal judge in another District. (Doc. 4). When confronted with a request under § 1915(e)(1) for recruited counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the

difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). The first inquiry "requires the indigent litigant to reasonably attempt to get a lawyer." *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020). Determining whether a plaintiff has made reasonable efforts to recruit counsel himself "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citations omitted). Here, Plaintiff has not provided any proof of his own efforts. Even if he had, the Court would not appoint counsel in this case because there is no chance of success on the merits of the claims presented. *See e.g., Watts v. Kidman*, 42 F.4th 755, 766 (7th Cir. 2022) (counsel may not be appropriate where the chance of success is extremely thin).

## DISPOSITION

Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice** because it is frivolous. Plaintiff's Motion for Recruitment of Counsel (Doc. 4) is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 6, 2025

DAVID W. DUGAN
United States District Judge